**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS;
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| USP TRANS INC, | ) No.: 10-14553 |
| | ) |
| Debtor. | ) Judge: Pamela S. Hollis |

## NOTICE OF MOTION

TO:   ATTACHED SERVICE LIST

**PLEASE TAKE NOTICE** that on October 13, 2011, reorganized USP Trans. Inc. filed the attached Motion for Entry of a Final Decree under 11 U.S.C. §350 and Federal Rule of Bankruptcy Procedure 3022 Closing Chapter 11 Case (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will be held on October 20, 2011 at 10:00 a.m. before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the United States Bankruptcy Court for the Northern district of Illinois Eastern Division, or any other Judge who may be sitting in her place and stead, in the United States Bankruptcy Court, Northern District of Illinois, Eastern Division, in Courtroom 644 of the Dirksen Federal building, 219 South Dearborn Street, Chicago, IL 60604, at which time and place you may appear if you so desire.

Dated:  October 13, 2011

                                                                        */s/ Debra J. Vorhies Levine*
                                                                         DEBRA J. VORHIES LEVINE

Debra Vorhies Levine
DVL LAW OFFICES, LLC
53 W. Jackson Blvd., Suite 1001
Chicago, IL  60604
(312) 880-0224
#6239484

## AFFIDAVIT OF SERVICE

      The undersigned attorney hereby certifies that she served a copy of the attached motion and this Notice of Motion on the attached service list by placing a copy of same in an envelope addressed as stated above, postage prepaid, and placing same in the U.S. Mail or via the ECF system as designated in the service list on October 13, 2011 before 5:00 p.m.

                                            */s/ Debra J. Vorhies Levine*
                                            DEBRA J. VORHIES LEVINE

'

Debra Vorhies Levine
DVL LAW OFFICES, LLC
53 W. Jackson Blvd., Suite 1001
Chicago, IL  60604
(312) 880-0224
#6239484

# SERVICE LIST

***Via ECF to*:**
William T. Neary at
 USTPRegion 11.ES.ECF@usdoj.gov

***Via U.S. Mail at the following address(es)*:**

| | | |
|---|---|---|
| A-1 Fasteners, Inc<br>4820 S Central Ave<br>Chicago, IL 60638 | advanced Horizons, Inc<br>323 Ferndale Ave<br>Elmhurst, IL 60126 | Advantage Chevrolet<br>9510 W. joliet Rd<br>La Grange, IL 60525 |
| American Express<br>P.O. Box 297879<br>Fort Lauderdale, FL 33329 | Arrow Uniform Rental, Inc<br>640 Monroe Blvd<br>Taylor, MI 48180 | Bank of America<br>135 S. LaSalle St.<br>Suite 1025<br>Chicago, IL 60603 |
| Bank of America<br>PO BOX 851001<br>Dallas, TX 75285-1001 | Bank of America<br>PO Box 851001<br>Dallas, TX 75285 | Blue Cross Blue Shield<br>300 E. Randolph St<br>Chicago, IL 60601 |
| Bud's Body Shop Supply, Inc<br>7752 W 60th<br>Summit Argo, IL 60501 | Cal tech Supplies, Inc.<br>4936 N Wolcott Ave<br>Chicago, IL 60640 | CEP America illinois PC<br>1601 Cummmins Dr Ste D 11<br>Modesto, CA 95358 |
| Excell Fastener Solutions, Inc<br>800 State St In<br>Lemont, IL 60439 | Fastenal Company<br>4320 First Ave Units 105-106<br>Lyons, IL 60534 | Flood Brothers Disposal & Recycling<br>17 W 697 Butterfield Rd Suite E<br>Oakbrook, IL 60181 |
| GMAC<br>PO. BOX 9001948<br>Louisville, KY 40290-1948 | Great Lakes Distributing, Inc<br>2601 Bernice Rd<br>Lansing, IL 60438 | Health Concepts, LLC.<br>566 W lake St<br>Chicago, IL 60661 |
| Heritage Krystal Clean<br>5301 W 65th St<br>Bedford Park, IL 60638 | Home Depot Credit Services<br>P.O. Box 6031<br>The Lakes, NV 88901-6925 | Illinois Department of Revenue<br>Retailer's Occupation Tax<br>Springfield, IL 62796 |

JD Factors
301 South County Farm Road
Suite C
Wheaton, IL 60187

Law Office of Karen Walin
13161 W. 143rd Street
Suite 102
Homer Glen, IL 60491

Law Office of Robin R. Welgat
114 North Hale Street
Suite D
Wheaton, IL 60187

MacNeal Phy Grp
6645 Pasphere Corcle
Chicago, IL 60674

McNeal Hospital
3249 S Oak Park Ave
Berwyn, IL 60402

McNeal Phy Grp
6645 Paysphere Circle
Chicago, IL 60674

National City
PO Box 856177
Louisville, KY 40285

Nicor Gas
PO Box 2020
Aurora, IL 60507

Pima Lyons
2124 E. 175th
Lansing, IL 60438

R&K Supplies, Inc
101 S. Addison Rd
Addison, IL 60101

Schiolzikowski Transport
14462 W Rathforn Dr
Homer Glen, IL 60491

Select PEO, Inc.
13412 W Star
Shelby Twp, MI 48315

Southwest Spring, Inc
3863 W. Columbus Ave
Chicago, IL 60652

The Welding Center, Inc
7400 S Central Ave
Bedford Park, IL 60638

Transportation Parts Unlimited,Inc
7800 W 60th Place
Summit Argo, IL 60501

Valspar
1101 S 3rd Street
Minneapolis, MN 55415

Z Prints
5257 N Central Ave
Chicago, IL 60630

ZEP Manufacturing Company
13237 collections Center Dr
Chicago, IL 60693

James Phelan, AVP
Bank of America
135 S. LaSalle Street Suite 1025
Chicago, IL 60603
James G. Froberg
 Lowis & Gellen LLP
 200 West Adams St. Suite 1900
Chicago, IL 60606

Chip Wiley, Senior VP
JD Factors
301 S. County Farm Road, Suite C
Wheaton, IL  60187
Steven N. Kurtz
Levinson Arshonsky & Kurtz, LLP
15303 Ventura Blvd., Suite 1650

Ean L Kryska
SmithAmundsen LLC
150 N Michigan Ave Suite 3300
Chicago, IL 60601

USP TRANS INC
 8001 W. 47th Street
Lyons, IL 60534

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS;
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| USP TRANS INC, | ) | No.:  10-14553 |
| | ) | |
| Debtor. | ) | Judge:  Pamela S. Hollis |

**MOTION FOR ENTRY OF A FINAL DECREE UNDER
11 U.S.C. § 350 AND FEDERAL RULE OF BANKRUPTCY
PROCEDURE 3022 CLOSING CHAPTER 11 CASE**

Reorganized USP Trans. Inc. ("USP" or "USP Trans") hereby moves the Court pursuant to 11 U.S.C. § 350 and Federal Rule of Bankruptcy Procedure 3022 for entry of a final decree, substantially in the form submitted herewith, closing the above captioned Chapter 11 case.  In support of this motion, Reorganized USP respectfully states as follows:

**JURISDICTION**

1. The court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory predicates for the relief requested herein are sections 105(a) and 350 of title 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*.  (the "Bankruptcy Code" or the "Code") and Rule 3022 of the Federal rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On April 1, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby initiating this small business case (the "Case").

5. During the Case, the Debtor managed its assets as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No committee or trustee was appointed in the Case.

7. On April 15, 2010, the Court entered an order establishing (a) September 29, 2010, as the last date by which governmental units could file proofs of claim and (b) August 2, 2010, as the last date by which entities other than governmental units could file proofs of claim against the Debtor. *See* Dkt. No. 36. Eleven proofs of claim were filed against the Debtor's estate.

## The Plan

8. On January 17, 2011, the Debtor filed its Motion for Conditional Approval of Disclosure Statement and to Schedule hearing. *See* Dkt. No. 125. On January 27, 2011, the Court conditionally approved the Disclosure statement. *See* Dkt. No. 148.

9. The Debtor's disclosures were finally approved and the Plan of Reorganization was confirmed on March 10, 2011. *See* Dkt No. 165. The Effective Date of the Plan was March 21, 2011.[1]

10. Pursuant to the Plan, Class 1 Priority Claims shall receive on the effective date, or as soon thereafter may be practicable, with certain allowable agreed treatments as designated in that section of the plan. Plan at § 4.01.[2]

11. Pursuant to the Plan, Class 2—Secured Claim of Bank—shall be allowed fixed payments and retain their claim in the allowed amount of $696,757.57 and the bank shall retain its liens and security interests on all of the Collateral securing the Bank Claim created under the Bank's loan documents with Debtor and all Cash Collateral Orders entered in this Proceeding until the Bank Claim is paid in full. Plan at §4.01, Class 2, subparagraph (a)-(f).

12. Pursuant to the Plan, Class 3—Secured Claim of GMAC—shall be paid according to the original terms, monthly installments of $684.63 until December 2011. Plan at §4.01, Class 3.

13. Pursuant to the Plan, Class 4—General Unsecured Creditors (GUCs)—shall be paid monthly distributions of $3,150.00 beginning after priority tax claims are paid in full and ending sixty months

---

[1] Defined terms not specifically defined herein shall have the meaning ascribed thereto in the Plan.

after the effective date or as soon thereafter as may be practicable. Additionally, the Plan calls for these distributions equally 56% of the total GUCs claims. Plan at §4.01, Class 4.

14. Pursuant to the Plan, Class 5—Convenience Class—was to be paid on the effective date of the plan. Plan at §4.01, Class 5.

15. Pursuant to the Plan, Class 6—Equtity Security Claim of Miroslaw Schidzikowski—shall receive no distribution but shall be entitled to receive a 100% interest in the reorganized Debtor for payment of $5,000.00 in new capital. Plan at §4.01, Class 6.

16. Pursuant to the Plan, Class 7—Equity Security Claims of Roman Radunski and Adam Danielwicz—shall receive no distribution and no interest in the reorganized debtor. Additionally, the equity security held by the holders in this class will be cancelled upon confirmation of the plan. Plan at §4.01, Class 7.

17. Pursuant to the Plan, Class 8—JD Factors—was disputed and/or paid in full. Plan at §4.01, Class 8.

## Post Confirmation Activity and Implementation of the Plan

18. Following confirmation of the Plan, Reorganized USP conducted a review of the proofs of claim that were filed and the Debtor's books and records, and determined that no claim objections or other actions were necessary or appropriate;

19. All Administrative Claims have been resolved and will be satisfied pursuant to the terms of the Confirmation order and agreement between Reorganized USP and its professionals.

20. The priority claim of the Illinois Department of Employment Security was to be paid in the amount of $94.91 on the effective date of the plan. The Internal Revenue Service priority claim will be paid in the amount of $2,000.00 with 5% interest with a payment of $300.00 per month until it is paid in full. The Illinois Department of Revenue priority claim of $20,708.33 shall be paid in full with 5% interest with a payment of $3,200.00 per month until paid in full.

21. The Reorganized USP has commenced payments in accordance with the Plan to Bank of America.

22. The Reorganized USP also commenced payments to GUCs in accordance with the plan.

23. As a result of the foregoing, at this point in time, the only matters left to fully implement the Plan are the Annual Contributions and Annual Distributions.

---

2 All capitalized terms not defined herein shall have the meaning ascribed thereto in the Plan.

24. Reorganized USP, upon information and belief sent in their most recent payment to bring the United States Trustees quarterly fees paid in full.

## REQUEST FOR RELIEF

25. Bankruptcy Code § 350(a) provides that the Court shall close a case after the estate is fully administered and the Court has discharged the trustee. Bankruptcy Code § 105 further provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the title."

26. Bankruptcy Rule 3022, which provides the procedural guidelines for closing a chapter 11 case, provides that "[a]fter an estate is fully administered" and thus courts "should review each request for entry of a final decree on a case-by-case basis and analyze the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has been fully administered." *Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, 432 Fed. Appx. 820, 822 (6th Cir. 2002). *See also In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

27. The factors set forth in the Advisory Note to Bankruptcy Rule 3022 include: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved.

28. Whether or not there is a possibility that a court's jurisdiction may be invoked in the future is not a basis to keep a case open, as a final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to 11 U.S.C. § 350(a). *Id.*

29. Further, a case should not be kept open solely because all of the payments required by a plan are not completed. *See* Bankruptcy Rule 3022, Advisory Note ("Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed."). *See also In re JMP-Newcor International, Inc.*, 225 B.R. 462, 465 (N.D. Ill. 1998) (entering final decree where the "only matters remaining are certain disbursements to be made

under the plan and an adversary proceeding"); *In re Pacor*, 1995 U.S. Dist. LEXIS 8106 (E.d. Pa. June 13, 1995) (affirming bankruptcy court's order entering final decree even though distributions from the Pacor Settlement Trust not completed).

30. Following these precedents, Reorganized USP submits that the Case has been fully administered and that it is now appropriate to enter a final decree.

31. There is no need in the Case for further supervision by the Court, and in the unlikely event that an issue should arise regarding the Annual Contributions and Annual Distributions, the Court retains jurisdiction under the Plan to resolve such matters. *See* Plan at Article 11.

32. Similar to the situation of the Debtor in *Mold Makers* case, "[i]t is time for the Debtor to get on with its business and leave the shadows of the Court." *In re Mold Makers Inc.*, 124 B.R. at 769.

## NOTICE

33. Notice of this motion was provided to: (i) the Debtor's creditors in their entirety, (ii) those parties who have filed appearances or requested notices in the Case; and (iv) the United States Trustee.

34. Reorganized USP submits that, under the circumstances, such Notice is adequate and that no other or further notice is required.

**WHEREFORE**, for the reasons set forth herein this motion, Reorganized USP respectfully requests that the Court enter an order, (a) entering a final decree and closing the Case, and (b) granting such other and further relief as deemed just and proper in the premises.

Dated: October 13, 2011

Respectfully submitted,

*/s/ Debra J. Vorhies Levine*
Debra J. Vorhies-Levine

Debra Vorhies Levine
DVL LAW OFFICES, LLC
53 W. Jackson Blvd., Suite 1001
Chicago, IL  60604
(312) 880-0224
#6239484